Case Nos. 25-1703/25-1705/25-1754

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, a Michigan Nonprofit Corporation (WOMP); BOWERS HARBOR VINEYARD & WINERY, INC, a Michigan Corporation; BRYS WINERY, LC, a Michigan Corporation; CHATEAU GRAND TRAVERSE, LTD., a Michigan Corporation; GRAPE HARBOR INC., a Michigan Corporation; MONTAGUE DEVELOPMENT, LLC, a Michigan limited liability company; OV THE FARM LLC, a Michigan liability company; TABONE VINEYARDS, LLC, a Michigan liability company; TWO LADS, LLC, a Michigan liability company; VILLA MARI, LLC, a Michigan liability company; WINERY AT BLACK STAR FARMS LLC, a Michigan liability company; CHATEAU OPERATIONS, LTD, a Michigan Corporation

   [25-1703/25-1705]/Cross-Appellants [25-1754]

v.

TOWNSHIP OF PENINSULA, MI, a Michigan Municipal Corporation

   Defendant -Appellant [25-1703]/Cross-Appellee [25-1754]

PROTECT THE PENINSULA, INC.

   Intervenor – Appellant [25-1705]/Cross-Appellee [25-1754]

---

**AMERICAN FARMLAND TRUST'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................... 1

    I.    Amicus Support of a Party is Permitted. ........................................................ 1

    II.   AFT Does Not Impermissibly Expand the Record. ....................................... 4

    III.  Appellees Broadly Overstate AFT's Discussion of Expert Daniels. .............. 6

    IV.  Peninsula Township's PDR Program and Standing are not "Ancillary"
           Issues. ............................................................................................................. 6

CONCLUSION ........................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Amaya v. Raycraft*, 2025 U.S. Dist. LEXIS 254696 (E.D. Mich. December 9, 2025) ..................................................................................................................4

*Bormuth v. Cty. of Jackson*, 870 F.3d 494 (6th Cir. 2017).........................................5

*Cellnet Communs. v. FCC*, 149 F.3d 429 (6th Cir. 1998).........................................5

*Glowacki v. Howell Pub. Sch. Dist.*, 2013 U.S. Dist. LEXIS 29551 (E.D. Mich. March 5, 2013)........................................................................................................5

*Hammoud v. Equifax Info. Servs., LLC*, 52 F.4th 669 (6th Cir. 2022) (Nalbandian, concurring) ..............................................................................................................7

*Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128 (3d Cr. 2002) .......................................................................................................................2

*Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445 (6th Cir. 1988)...3

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761 (7th Cir. 2020) ........................................................................................................2, 3, 4

*Shoemaker v. City of Howell*, 795 F.3d 553 (6th Cir. 2015) .....................................4

*U.S. v. Michigan*, 940 F.2d 143 (6th Cir. 1991).........................................................5

*Warth v. Seldin*, 422 U.S. 490 (1975).........................................................................7

**Other Authorities**

16AA Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3975 (5th ed. 2024) ...................................................................................................4

Black's Law Dictionary 752 (6th ed. 1990) ............................................................2

Samuel Krislov, *The Amicus Curiae Brief: From Friendship to Advocacy*, 72 YALE L.J. 694 (1963) ..........................................................................................3

**Rules**

Fed. R. App. P. 27(a)(4) .........................................................................................1

Fed. R. App. P. 29(a)(3) .........................................................................................1

Fed. R. App. P. 29(a)(3)(A) ....................................................................................2

Fed. R. App. P. 29(a)(4) .........................................................................................2

## INTRODUCTION

Proposed Amicus Curiae American Farmland Trust ("AFT") submits the following reply brief pursuant to Fed. R. App. P. 27(a)(4). This reply addresses Appellees/Cross-Appellants WOMP and the Wineries' ("Appellees") response opposing AFT's motion for leave to file a brief of amicus curiae.

Contrary to Appellees' assertions, AFT's proposed amicus brief provides relevant, useful background information concerning the Peninsula Township policies and ordinances which are the central issue in this case, and cites to publicly-available, factual materials, copies of which AFT provided for the Court's convenience. Moreover, AFT's express support of Appellant/Cross-Appellee Peninsula Township ("Township") and Intervenor/Appellant Protect the Peninsula, Inc. ("PTP") is permissible under the applicable caselaw and is consistent with the court rules.

## ARGUMENT

**I.      Amicus Support of a Party is Permitted.**

Appellees' introduction attempts to narrowly define the circumstances in which an amicus curiae brief may be accepted by the Court, and implicitly suggests AFT's brief improperly advocated for or alongside the Appellants Township and PTP. Opp. 1-2. Appellees cite the Fed. R. App. P. 29(a)(3) requirements but overlook the passage within Rule 29(a)(4) that requires a proposed amicus brief to

"identify the party or parties supported and indicate whether the brief supports affirmance or reversal." AFT's amicus brief does just that.

Appellees' implication that an amicus brief must maintain neutrality is negated further by the rule requirement that a proposed amicus describe its "interest" in the case. Fed. R. App. P. 29(a)(3)(A). In *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 130-131 (3d Cr. 2002), the Third Circuit noted the conflict between Appellees' view and the interest requirement, describing it as "difficult to square." "An accepted definition of the term 'impartial' is 'disinterested,' Black's Law Dictionary 752 (6th ed. 1990), and it is not easy to envisage an amicus who is 'disinterested' but still has an 'interest' in the case." *Id*.

In its own response to Appellees, fellow proposed amicus curiae the International Municipal Lawyers Association points out that Appellees' arguments concerning the scope and purpose of amicus briefs relies heavily on a minority view espoused by the retired Seventh Circuit Judge Richard Posner, one which the Sixth Circuit has not adopted. IMLA Reply 2-3. AFT agrees. The Posner view has not even been embraced by the Seventh Circuit.

In *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020), the court observed that, while it may be true that "too many *amicus* briefs . . . merely repeat . . . a party's position" it went on to affirm that "the fiction that an *amicus* acts as a neutral information broker, and not an advocate, is

2

long gone." *Id. citing* Samuel Krislov, *The Amicus Curiae Brief: From Friendship to Advocacy*, 72 YALE L.J. 694, 703-04 (1963). Further, the court enumerated desirable amicus contributions, including "highlighting factual, historical, or legal nuance glossed over by the parties," "explaining the broader regulatory or commercial context in which a question comes to the court," providing perspective on the possible consequences of the case, supplying empirical evidence, and identifying how other jurisdictions have approached a legal question or "regulatory challenge." 976 F.3d at 763.

Again, AFT respectfully suggests that its amicus brief offers such contributions by detailing the history and policy underlying the Peninsula Township Zoning Ordinance, placing that background in the context of agricultural preservation efforts nationwide – all from the unique perspective of both a participant in the development of the Township's own programs and policies and the leading advocate for conservation of farm and ranchlands. AFT's brief provides research-backed data about the justification and efficacy of the very same types of policies at issue in this case, and voices its concern that AFT's work could be undone if the district court's reasoning were to be adopted in jurisdictions elsewhere. *See Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1454 n 11 (6th Cir. 1988) (amicus brief appropriate in cases of "complexity" where "the interest of the amicus could be affected by the outcome.") Additionally, as stated in AFT's motion

3

for leave, the number of parties, claims, and challenged ordinances in this case (each of which only applies to some plaintiffs) permutated multiple sub-issues which in turn consume the parties' briefing such that little valuable background information is able to be provided to the Court, but for the participation of the proposed amici. AFT Motion 5-6. In short, the AFT brief offers "something different, new and important." *See Prairie Rivers*, 976 F.3d 761, 763.

Rather than follow an out-of-circuit outlier view, AFT asks this Court to heed its own practice, permitting the filing of amicus briefs that "augment" the position of a party, lest the amicus brief "essentially serve no purpose whatsoever." *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015); *see also Amaya v. Raycraft*, 2025 U.S. Dist. LEXIS 254696 (E.D. Mich. December 9, 2025) (specifically disagreeing that an amicus must act as a neutral third party: "While it is true the ACLU's brief is submitted in support of Petitioner, such a viewpoint is permitted in an amicus brief. *See* 16AA Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3975 (5th ed. 2024) ('There is nothing wrong, in current practice, with an amicus possessing an interest in the relevant issues. The notion of the amicus as 'impartial' became 'outdated long ago.')" (internal citation omitted).

## II.    AFT Does Not Impermissibly Expand the Record.

Appellees seemingly contradict themselves, claiming that AFT's brief is both repetitive of Appellants' arguments, yet also raises new arguments not addressed in

4

the district court. Appellees cite *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 501 (6th Cir. 2017) in support of their contention that AFT is impermissibly seeking to expand the record and/or raise issues not covered by the parties. But the facts of *Bormuth* are distinguishable. There, appellant Bormuth's merits brief was silent about recordings of county commissioner meetings and their content, but the proposed amicus had attempted to raise the recordings in the court of appeals for the first time in its own brief. Likewise, in *Cellnet Communs. v. FCC*, the proposed amicus sought to substantively expand the court's review of the applicability of an FCC broadband rule-making order to additional types of service providers. 149 F.3d 429, 443 (6th Cir. 1998). Here, it cannot be disputed that the history and policy behind Peninsula Township zoning ordinances is generally discussed by the Appellants. AFT's amicus brief seeks only to supplement that discussion and enhance the Court's understanding of the issues and implications already raised by the parties. This informational role has been endorsed by this Court and those within Circuit. *See U.S. v. Michigan*, 940 F.2d 143, 164-165 (6th Cir. 1991); *Glowacki v. Howell Pub. Sch. Dist.*, 2013 U.S. Dist. LEXIS 29551 (E.D. Mich. March 5, 2013) ("The ACLU's proposed *amicus* brief engages in a thorough review of Defendant Howell Public School District's policies challenged by Plaintiffs, offers empirical context, and provides a more in-depth discussion of the complex legal issues involved in the instant case than do the parties' briefs.").

### III. Appellees Broadly Overstate AFT's Discussion of Expert Daniels.

Appellees expend nearly five pages of their response arguing that AFT has improperly "mirrored" the arguments of Appellants regarding the credibility of expert witness Dr. Daniels. Opp. 4-9. The response is disproportionate to AFT's brief comment regarding Daniels, which totaled three sentences and a footnote and essentially amounted to an observation that as Daniels' credentials were not seriously questioned, the district court's discrediting of Daniels was suspect. AFT Amicus Br. 24-25. In that light, Appellees' lengthy discussion of the alleged deficiencies in Daniels' testimony contained within a response to a motion should be viewed as an effort by them to sidestep the word-count limit imposed on their principal brief, and should be disregarded.

### IV. Peninsula Township's PDR Program and Standing are not "Ancillary" Issues.

Finally, Appellees attack AFT's proposed amicus brief's discussion of the purchase of development rights easements as irrelevant. Opp. 9. As with their explication on Daniels, again on this issue Appellees focus mostly on substantively arguing their position, namely their interpretation of the PDR easements encumbering the Black Star and Bonobo winery properties. Appellees only fleetingly assert that AFT's brief on this point is unhelpful. But AFT is undisputedly a national leader in the development of purchase of development rights programs

6

and a holder of conservation easements, facts which bear on the uniqueness of AFT's perspective and the usefulness of its views.

Critically, the question of whether the conservation easements operate to deprive Black Star and Bonobo of standing to assert their entitlement to conduct certain commercial activities on their respective properties is not "ancillary." Standing is a "threshold jurisdictional issue that serves a gatekeeping function before the merits." *Hammoud v. Equifax Info. Servs., LLC*, 52 F.4th 669, 679 (6th Cir. 2022) (Nalbandian, concurring) *citing Warth v. Seldin*, 422 U.S. 490, 498 (1975). By definition, a threshold issue is not "ancillary," and in this case is central to an issue on appeal (*see* PTP First Br. 13, Issue No. 10; 80-81).

AFT will refrain from rehashing the merits of the standing argument; suffice to say, while the district court may have listed those agricultural uses permitted under the PDR easements, it did not read the permissions and prohibitions of those instruments against the factual claims of Black Star and Bonobo to determine, which, if any, specific commercial uses they asserted they were entitled to exercise under the zoning ordinance were nevertheless precluded by the PDR easements. Nor, as AFT has already pointed out, did it construe the easements in their contextual entirety. Rather, the court merely observed that some commercial uses may be permitted and then stated in conclusory fashion that it agreed with the wineries'

argument that there "may be overlap" between the ordinance and easements. RE 559, Page ID 21901. The district court's analysis ended there.

## **CONCLUSION**

For the reasons stated in its motion and reiterated above, and in recognition of the interest and perspective it brings to this appeal, AFT respectfully requests this Court grant its motion for leave to file an amicus brief in support of the Township and PTP.

Date: March 2, 2026     By: /s/ Rebecca L. Millican
                                                    Rebecca L. Millican (P80869)
                                                    OLSON & HOWARD, P.C.
                                                    Counsel for Amicus Curiae American Farmland Trust
                                                      520 S. Union Street
                                                      Traverse City, MI 49684
                                                      (231) 946-0044
                                                      rebecca@envlaw.com

## CERTIFICATE OF WORD COUNT PURSUANT TO FRAP 32(g)(1)

This Response complies with FRAP 29(5). This brief was written using Times New Roman, 14 pt font, Microsoft Word 365 and has a word count of 1,693 words.

Date: March 2, 2026          By: /s/ Rebecca L. Millican
                                  Rebecca L. Millican (P80869)
                                  OLSON & HOWARD, P.C.
                                  Counsel for Amicus Curiae American Farmland Trust
                                  520 S. Union Street
                                  Traverse City, MI 49684
                                  (231) 946-0044
                                  rebecca@envlaw.com

## CERTIFICATE OF SERVICE

I, Rebecca L. Millican, hereby certify that on the 2nd of March 2026, I electronically filed the foregoing documents with the CM/ECF system which will send a notification of such to all parties of record.

Date: March 2, 2026          By: /s/ Rebecca L. Millican
                                  Rebecca L. Millican (P80869)
                                  OLSON & HOWARD, P.C.
                                  Counsel for Amicus Curiae American Farmland Trust
                                  520 S. Union Street
                                  Traverse City, MI 49684
                                  (231) 946-0044
                                  rebecca@envlaw.com