Case Nos. 25-1703 / 25-1754
_____

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
_____

WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION, a Michigan Nonprofit Corporation (WOMP); BOWERS HARBOR VINEYARD & WINERY, INC, a Michigan Corporation; BRYS WINERY, LC, a Michigan Corporation; CHATEAU GRAND TRAVERSE, LTD., a Michigan Corporation; GRAPE HARBOR, INC., a Michigan Corporation; MONTAGUE DEVELOPMENT, LLC, a Michigan limited liability company; OV THE FARM LLC, a Michigan liability company; TABONE VINEYARDS, LLC, a Michigan liability company; TWO LADS, LLC, a Michigan liability company; VILLA MARI, LLC, a Michigan liability company; WINERY AT BLACK STAR FARMS LLC, a Michigan liability company; CHATEAU OPERATIONS, LTD, a Michigan Corporation,
Plaintiffs/Appellees/Cross-Appellants,

v.

TOWNSHIP OF PENINSULA, MI, a Michigan Municipal Corporation,
Defendant/Appellant/Cross-Appellee,

PROTECT THE PENINSULA, INC.
Intervenor/Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
Case No.: 1:20-cv-1008; Hon. Paul L. Maloney presiding

_____

## **MICHIGAN TOWNSHIPS ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE**

Robert E. Thall (P46421)
BAUCKHAM, THALL, SEEBER,
KAUFMAN & KOCHES, P.C.
Attorneys for the Michigan Townships Association
470 W. Centre Ave., Ste. A
Portage, MI 49024
(269) 382-4500
thall@michigantownshiplaw.com                    Date: March 4, 2026

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................... ii

INDEX OF AUTHORITIES............................................................................. iii

ARGUMENT .....................................................................................................1

CONCLUSION ..................................................................................................4

CERTIFICATE OF COMPLIANCE .................................................................5

CERTIFICATE OF SERVICE ...........................................................................5

# **INDEX OF AUTHORITIES**

**Cases**

*Bishop v. Smith*, 112 F. Supp. 3d 1231, 1245 (N.D. Okla. 2015) ..............................2

*Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1454 n 11 (6th Cir. 1988) ........................................................................................................................4

*Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015) ..............................3

*Vapor Tech Ass'n v Taylor*, 2025 U.S. App. LEXIS 8430 (6th Cir. 2025)..................3

**Rules**

Federal Rule of Appellate Procedure 29 ................................................................1, 3

## **ARGUMENT**

Several other proposed amici have submitted motions to file amicus briefs alongside the Michigan Townships Association ("MTA"), and Appellees' have responded to each motion with a similar objection, at least as it concerns the discretion of this Court to accept amicus briefs. The Government Law Section of the State Bar of Michigan also states, and MTA agrees, that the Appellees' are using their responses to the motions to file amicus briefs to expand their briefing word count. MTA respectfully submits that the issue on its motion to file an amicus brief does not turn on the specifics of MTA's arguments, but on the Court rules and case law concerning whether to accept the brief in the first place. The time to discuss the content of the arguments is during the Appellees' Brief on Appeal.

At the risk of repeating the well-stated arguments of other proposed amici, MTA submits that (1) its motion to file amicus was not late under the court rules, and (2) court rules and case law encourage the acceptance and consideration of amicus briefing such as that proposed by MTA.

First, MTA's motion to file amicus was not late. Federal Rule of Appellate Procedure 29(a)(6) provides that the time for filing is "no later than 7 days after the principal brief of the party being supported is filed." In this case, MTA is filing in support of the Township of Peninsula. The Township filed *a* brief on February 4, 2026, but this brief was defective because it exceeded the Court's page/word count.

1

This Court subsequently granted the Township an extension of 5,000 words and requested that the Township file a corrected brief by February 13, 2026.[1] Peninsula Township submitted its corrected brief in conformance with the word limitation on February 13, 2026.[2] Because the first brief was rejected by the Courts, it did not trigger the clock for amicus filings. The clock did not begin until the Township filed its corrected, accepted brief. This was confirmed by Amicus MTA in a phone call with the Court's Case Management Specialist.

      Second, MTA's motion and proposed amicus brief complies with Court rules and case law and should be accepted for consideration. Appellees' principal arguments against the acceptance of amicus briefs come from Judge Richard Posner of the 7th Circuit. Counsel for proposed amicus International Municipal Lawyers Association has succinctly explained why such arguments are inapt: namely they come from a different Circuit and represent the minority view of a single Judge who was among the most ardent critics of amicus briefs. *See* IMLA Reply to Opposition of Motion to file Amicus Brief, R. 64, Page 5 ("Judge Posner is known as a particularly prominent critic of amicus briefs advocating for one party." Quoting *Bishop v. Smith*, 112 F. Supp. 3d 1231, 1245 (N.D. Okla. 2015)).

---

[1] See 6th Circuit Letter to Township Counsel, R. 29; and Court Order Granting Extension of Briefing Word Limit, R. 31.
[2] See Peninsula Township's Corrected First Brief on Appeal, R. 54.

The more common approach, and that which the Sixth Circuit has followed, is that amicus briefs filed in conformance with the Federal Rules of Appellate Procedure should be accepted. See *Vapor Tech Ass'n v Taylor*, 2025 U.S. App. LEXIS 8430 (6th Cir 2025) ("We may grant leave to file an amicus brief when the brief states the movant's interest, and states why the brief is desirable and why the matters asserted are relevant to the disposition of the case, so long as the brief complies with the necessary formatting requirements."). As this Court has previously stated, "[t]he traditional function of an amicus curiae is to assist in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration." *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015).

Rule 29 (a)(3) provides that a motion for leave to file an amicus brief must state (A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. MTA has provided both. MTA represents over 98% of Michigan's 1,240 townships, and the issues raised in this case have a direct impact on nearly all of them. The case reaches numerous issues at the heart of township governance, namely a township's authority to plan and zone its community. Townships in Michigan govern more than 96% of Michigan's land area, and it is the regulation of those millions of acres of land that is at the heart of this case.

3

It is respectfully believed that MTA's decades of experience representing township interests at local, state, and national levels grants us an insight into the realities of planning and zoning that may not be adequately addressed by Peninsula Township alone. This case raises numerous complex questions of local zoning regulation which have already and will continue to dramatically affect MTA and its member townships. Such is precisely the circumstances in which this Court has allowed amicus support. See *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1454 n 11 (6th Cir. 1988) (amicus brief appropriate in cases of "complexity" where "the interest of the amicus could be affected by the outcome.").

## CONCLUSION

On the basis of the foregoing arguments, Amicus Curiae MTA respectfully requests that this Honorable Court grant MTA's Motion to file a brief as amicus curiae and accept its brief filed on February 20, 2026.

>Respectfully submitted,
>
>BAUCKHAM, THALL, SEEBER,
>KAUFMAN & KOCHES, P.C.
>
>By: /s/ Robert E. Thall
>Robert E. Thall (P46421)
>Attorneys for Amicus Curiae
>Michigan Townships Association

Dated: March 4, 2026

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned certifies that this brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 29(a)(5).

The brief has been prepared in proportional typeface using times New Roman (14-point). The brief was typed using Microsoft Word 365. That program has a function that calculates the total number of words contained in a document. According to the program function, there are 944 words, including footnotes, in this brief, not including the parts excluded by Federal Rule of Appellate Procedure 32(f).

By: */s/ Robert E. Thall*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, I electronically filed on behalf of MTA the Reply in Support of Its Motion for Leave to File Brief of Amicus Curiae with the Clerk of the Court of the United States Court of Appeals for the Sixth Circuit using the ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Robert E. Thall*